AO 247 (02/08)   Order Regarding Motion for Sentence Reduction

# UNITED STATES DISTRICT COURT
for the

## MIDDLE DISTRICT OF PENNSYLVANIA

FILED
HARRISBURG, PA
MAR 0 6 2008
MARY E. D'ANDREA, CLERK
Per _____
   Deputy Clerk

| | |
|---|---|
| United States of America ) | |
| v. ) | Case No: 1:03-CR-0130-01 |
| Shawn Davis ) | USM No: |
| Date of Previous Judgment: March 26, 2004 ) | Thomas A. Thornton |
| (Use Date of Last Amended Judgment if Applicable) ) | Defendant's Attorney |

**Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)**

Upon motion of  X  the defendant  ☐ the Director of the Bureau of Prisons  ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion,

**IT IS ORDERED** that the motion is:
  X  **DENIED.**   ☐ **GRANTED** and the defendant's previously imposed sentence of imprisonment (as reflected in the last judgment issued) of _____ months **is reduced to** _____.

**I. COURT DETERMINATION OF GUIDELINE RANGE** (Prior to Any Departures)
Previous Offense Level:   24            Amended Offense Level:   24
Criminal History Category:   IV          Criminal History Category:   IV
Previous Guideline Range:   77 to 96 months   Amended Guideline Range:   77 to 96 months

**II. SENTENCE RELATIVE TO AMENDED GUIDELINE RANGE**
☐ The reduced sentence is within the amended guideline range.
☐ The previous term of imprisonment imposed was less than the guideline range applicable to the defendant at the time of sentencing as a result of a departure or Rule 35 reduction, and the reduced sentence is comparably less than the amended guideline range.
X  Other (explain):   Defendant's Sentencing Guidelines range under retroactive amendments is identical to that under which defendant was originally sentenced.

**III. ADDITIONAL COMMENTS**
See attached Pronouncement of Ineligibility

Except as provided above, all provisions of the judgment dated   03/26/2004   shall remain in effect.
**IT IS SO ORDERED.**

Order Date:   March 6, 2008                    _____
                                                Judge's signature

Effective Date: _____                 **CHRISTOPHER C. CONNER, U.S. DISTRICT**
              (if different from order)                Printed name and title

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** : | CRIMINAL NO. 1:03-CR-0130-01 |
| v.  : | (Judge Conner) |
| **SHAWN DAVIS,** : | |

## PRONOUNCEMENT OF INELIGIBILITY

AND NOW, this ___ day of March, 2008, upon consideration of defendant's motion (Doc. 77) to reduce his sentence for possession with the intent to distribute cocaine base, and for the reasons that follow, the court finds that defendant is ineligible for a reduced sentence.

On March 26, 2004, defendant was sentenced for one count of possession of a firearm by a convicted felon and one count of possession with intent to distribute five grams and more of cocaine base. The two offenses were not grouped together for sentencing purposes because they occurred several months apart and hence were unrelated. At the time of his drug offense, defendant possessed 10.7 grams of powder cocaine and 24 grams of psilocin in addition to the cocaine base upon which his offense was charged. (See Addendum to Presentence Report.) Under § 2D1.1 of the United States Sentencing Guidelines then in effect, defendant's possession of the powder cocain and psilocin did not affect calculation of defendant's base offense level. The court found that his offense level for the drug offense was 26 based upon possession of the cocaine base. The offense level for the combined firearm and drug counts was also 26, which yielded a guidelines range of 77 to 96 months' imprisonment. Defendant received a sentence of 77 months' imprisonment on each

count, followed by a 3-year term of supervised release for the firearm offense and 5 years of supervised release for the drug offense. The terms of imprisonment and supervised release for each offense ran concurrently.

On November 1, 2007, the United States Sentencing Commission amended § 2D1.1 to implement a two-level reduction in the offense level for possession and distribution of cocaine base. See U.S. SENTENCING GUIDELINES MANUAL app. C, amend. 706 (2007). At the same time, it amended Application Note 10 to § 2D1.1, which presently requires an increase in the offense level of defendants who possess multiple controlled substances. Id.; see also id. § 2D1.1 cmt. n.10(D) (2007). The calculation for possession of multiple substances is performed by converting the amount of each controlled substance into a marijuana equivalent and totaling the marijuana equivalent for all substances. This total is then used to arrive at an overall offense level. See id. § 2D1.1 cmt. n.10(D) (2007). These revisions were made retroactive, effective on March 3, 2008. See id. app. C, amend. 713 (Supp. 2008).

Defendant has moved for a reduction in his sentence pursuant to these retroactive amendments. (See Doc. 77.) When calculating a reduction under retroactive amendments to the Guidelines, the court "substitute[s] only the [retroactive] amendments . . . for the corresponding guideline provisions that were applied when the defendants was sentenced. All other guideline application decisions remain unaffected." Id. § 1B1.10, cmt. n. 2.

Under the retroactive amendments, defendant's conviction for possession with intent to distribute five grams and more of cocaine base corresponds a base

2

offense level of 24. See id. § 2D1.1(c)(8). The retroactive amendments also require consideration of the other controlled substances in his possession at the time of the offense. Defendant's 10.7 grams of powder cocaine converts to 2.14 kilograms of marijuana, and his 24 grams of psilocin renders a 12.0-kilogram marijuana equivalent. See id. § 2D1.1 cmt. n.10(E). The 16.8 grams of cocaine base has a marijuana equivalent of 268.8 kilograms. The combined marijuana equivalency of all controlled substances is 282.94 kilograms. This renders a base offense level of 26 with a range of 77 to 96 months. See id. § 2D1.1(c)(7). This is identical to the offense level and range under which defendant was originally sentenced. Hence, defendant is not eligible for a sentence reduction under the retroactive amendments to the Sentencing Guidelines.[1]

---

[1] The court adopts the findings and guideline calculations set for in the March 5, 2008 addendum to the presentence report.

3